Hoye WEBB, Phyllis Webb and Ronald Webb, Appellants,

v.

Arland BOYDSTON and Barbara Boydston, Appellees.

Court of Appeals of Kentucky.

Feb. 7, 1969.

As Modified on Denial of Rehearing May 2, 1969.

Alfred J. Simon, Jr., Edward M. Post, Taustine, Post, Berman & Fineman, Louisville, Winfrey Blackburn, Jr., McElwain, Dinning, Clarke & Winstead, Louisville, for appellants.

James M. Collier, Faurest, Collier, Arnett, Hensley & Coleman, Elizabethtown, for appellees.

IRA D. SMITH, Special Commissioner.

This appeal stems from an automobile collision which occurred October 24, 1965 on the Kentucky Turnpike near Louisville, Kentucky.

Hoye Webb and Phyllis Webb, his wife, and their son, Ronald Webb, brought an action for personal injuries and property damage in the Jefferson Circuit Court against Arland Boydston and Barbara Boydston, who are appellees herein. A jury trial was held on September 18, 1967 in the Common Pleas Branch of the Jefferson Circuit Court. The jury returned a verdict for the defendants, the Boydstons.

The only questions presented on this appeal are: (1) Were the instructions given by the trial court erroneous, and (2) were the appellants, the Webbs, entitled to a directed verdict?

Considering first question (2) as to a directed verdict, we are of the opinion that the conflicting testimony in the case clearly indicates that a directed verdict would not have been proper.

Question (1), as to the instructions given by the trial court, presents a more difficult question. The court only submitted one instruction as to the issue of liability, which was as follows:

"(1) The law of this case is for the plaintiffs and the jury will so find unless you believe from the evidence that the defendant, Arland Boydston, was suddenly and unexpectedly confronted with an emergency to which he did not contribute and that he was thereby placed in a position of peril and acted in such emergency, then he was not required under the law to adopt the best possible course to avoid the impending danger, but had the right to operate his automobile in such a manner as a reasonably prudent man would do under like or similar circumstances. If the jury find that Boydston acted in such a manner, then the law is for the defendants, Arland Boydston and Barbara Boydston, and the jury will so find."

It can be readily seen that this is what is known as a sudden emergency instruction. This instruction contained the phrase "unexpectedly confronted with an emergency to which he did not contribute." The use of the word "contribute" is perhaps ambiguous. It would have been much better to have phrased the instruction as follows: "Arland Boydston while in the exercise of ordinary care was suddenly and unexpectedly confronted with an emergency."

This brings us to the point of determining whether or not the form of the instruction, as given, really confused the jury or was such an error as to have brought about an improper verdict. The facts in this case indicate that the Boydston car hit the Webb car in the rear while both cars were in the passing lane of the Kentucky

Turnpike. The collision occurred when Boydston hit the Webb car in the rear when it had suddenly slowed down or stopped. The real question presented to the jury was whether or not the Webb car had given sufficient warning of its sudden stop in order for Boydston to have avoided a collision, provided Boydston was using due care. Furthermore, the instruction as given referred to the operation of the " * * * automobile in such a manner as a reasonable prudent man would do under like or similar circumstances." We hold that these words conveyed the necessary information to the jury and that it was not misled.

We are of the opinion that under all of the evidence the jury reached a correct conclusion and that while the instruction perhaps could have been couched in more acceptable language, this was not such an error as to justify a reversal or a retrial of this case.

Having so concluded, the judgment of the Jefferson Circuit Court is affirmed.

All concur.